IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL W. GAMBILL,

    Plaintiff,

v.

WERNER CO. and STANLEY
BLACK & DECKER, INC.,

    Defendants.                           Case No. 10-cv-459-DRH

**ORDER**

**HERNDON, Chief Judge:**

       The purpose of this Order is for the Court to raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." **Ex parte McCardle, 7 Wall. 506, 514 19 L. Ed. 264 (1868); Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. **See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993); Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986)**.

Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Id***. However, if the district court lacks subject matter jurisdiction, the action must be dismissed.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985)**.

In the Notice of Removal, defendant Werner Company ("Werner") has properly alleged its own citizenship and that of Plaintiff, but not of co-defendant Stanley Black & Decker, Inc. ("Stanley"). Instead, it has offered Stanley's state of incorporation, but not its principle place of business. Thus, the Court is not

concluding that subject matter jurisdiction does not exist. However, it is currently in question, and thus, not established. Accordingly, defendant Werner is hereby **ALLOWED** leave to file a Supplement to its Notice of Removal properly setting forth subject matter jurisdiction within **ten (10)** days of the date of this Order. If Defendant fails to timely correct this jurisdictional deficiency, the Clerk is instructed to remand the case.

    **IT IS SO ORDERED**.

    Signed this 6th day of October, 2010.

/s/ David R Herndon

**Chief Judge**
**United States District Court**